**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-23677-BB**

LINDA D'AMBRA, as Personal
Representative of the Estate of Joseph
D'Ambra, deceased,

       Plaintiff,

v.

CARNIVAL CORPORATION, and
MUHAMMAD RAUF,

       Defendants.

_____/

**DEFENDANT CARNIVAL CORPORATION'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT DATED SEPTEMBER 25, 2024**

       Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel,

hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated September

25, 2024 and states as follows:

       1.     Defendant is without sufficient knowledge or information needed in order to

admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

       2.     Defendant admits that the Death on the High Seas Act is the exclusive remedy for

any damages asserted in this lawsuit.

       3.     It is admitted that his Court maintains personal jurisdiction over this Defendant in

this matter.

       4.     The allegations contained in Paragraph 4 are not directed to this Defendant and

therefore do not require a response.

5.      It is admitted that this Court maintains admiralty jurisdiction over this matter.

6.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter.

7.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter and subject matter jurisdiction.

8.      It is admitted that general maritime law applies to this matter, and that the Death on the High Seas Act is the exclusive remedy for any damages asserted.

9.      It is admitted that this Defendant owned the Carnival Dream.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Denied, including all subparts.

16.     Denied, including all subparts.

17.     It is admitted that this Defendant owned the Carnival Dream.

18.     Admitted.

19.     Denied.

20.     Denied.

21.     It is admitted that the Carnival Dream's medical center contained medicine and medical equipment ordered by Defendant.

22.     Denied.

23.     Denied.

24.     It is admitted that Carnival had the right to hire and fire members of the ship's medical staff.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Denied.

32.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Denied, including all subparts.

35. Denied.

36. Denied.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN

37. It is admitted that Defendant has a duty to act reasonably under the circumstances.

38. Denied, including all subparts.

39. Denied.

## COUNT II – GENERAL NEGLIGENCE

40. It is admitted that Defendant has a duty to act reasonably under the circumstances.

41. Denied, including all subparts.

42. Denied.

## COUNT III – NEGLIGENT FAILURE TO WARN

43. It is admitted that Defendant has a duty to act reasonably under the circumstances.

44. It is admitted that Defendant has a duty to act reasonably under the circumstances.

45. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Denied, including all subparts.

47.     Denied.

## COUNT IV – GENERAL NEGLIGENCE AGAINST CARNIVAL

48.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

49.     Denied, including all subparts.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT V – NEGLIGENT FAILURE TO WARN AGAINST CARNIVAL

53.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

54.     It is admitted that Defendant has a duty to act reasonably under the circumstances.

55.     Denied, including all subparts.

56.     Denied.

57.     Denied.

## COUNT VI – NEGLIGENCE AGAINST CARNIVAL FOR THE NEGLIGENT CONDUCT OF THE MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR

58.     The allegations contained in Paragraph 58 of the Plaintiff's Complaint do not require a response.

59.     Denied.

60.     Denied.

61. Denied, including all subparts.

62. Denied.

63. It is admitted that Defendant has a duty to act reasonably under the circumstances.

64. It is admitted that Defendant has a duty to act reasonably under the circumstances.

65. Denied, including all subparts.

66. Denied.

**COUNT VII- NEGLIGENCE AGAINST CARNIVAL FOR THE ACTS OF THE MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER APPARENT AGENCY**

67. The allegations contained in Paragraph 58 of the Plaintiff's Complaint do not require a response.

68. Denied, including all subparts.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. It is admitted that Defendant has a duty to act reasonably under the circumstances.

74. Denied, including all subparts.

75. Denied.

76. Denied.

## COUNT VIII – NEGLIGENCE AGAINST CARNIVAL FOR THE CONDUCT OF MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER JOINT VENTURE

77. The allegations contained in Paragraph 77 of the Plaintiff's Complaint do not require a response.

78. Denied.

79. Denied, including all subparts.

80. Denied.

81. Denied.

82. It is admitted that Defendant has a duty to act reasonably under the circumstances.

83. Denied, including all subparts.

84. Denied.

## COUNT IX- NEGLIGENT MEDICAL STAFFING, PROVISIONING AND/OR EQUIPPING OF MEDICAL FACILITY

85. It is admitted that Defendant has a duty to act reasonably under the circumstances.

86. Denied, including all subparts.

87. Denied.

88. Denied.

89. Denied.

**COUNT X- GENERAL NEGLIGENCE AGAINST DR. MUHAMMAD RAUF**

The allegations contained in Count X (Paragraphs 90-92) do not appear to be directed to this Defendant and therefore do not require a response.

**COUNT XI – WRONGFUL DEATH CLAIM PURSUANT TO TEXAS STATE LAW**

93.     The allegations contained in Paragraph 93 of the Plaintiff's Complaint do not require a response.

94.     Denied.  Defendant contends that the Death on the High Seas Act is the exclusive remedy for any and all damages asserted.

95.     Denied, including all subparts.

96.     Denied.

97.     Denied. Defendant contends that the Death on the High Seas Act is the exclusive remedy for any and all damages asserted.

**COUNT XII – WRONGFUL DEATH CLAIM PURSUANT TO FLORIDA LAW**

98.     The allegations contained in Paragraph 98 of the Plaintiff's Complaint do not require a response.

99.     Denied.  Defendant contends that the Death on the High Seas Act is the exclusive remedy for any and all damages asserted.

100.    Denied, including all subparts.

101.    Denied.

102.    Denied.

* Any allegations not specifically admitted to herein are hereby denied.

**AFFIRMATIVE DEFENSES**

In Answering further, Defendant would affirmatively state as follows:

A.      This action is governed by and subject to the terms, limitations and conditions contained within Plaintiff's Passenger Ticket Contract.

B.      Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians.  Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel.

C.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

D.      Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

E.      Plaintiff has failed to mitigate his losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

F.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

G.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

H.      Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which delayed/negatively affected his recovery.

I.      This action is barred in whole or in part by the applicable statute of limitations.

J.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

K.      The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto.   Pursuant to an agreement with Carnival Corporation, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his/her pay and he/she was not eligible for employee benefits; C) he/she agreed to practice according to the appropriate standard of care, within the scope of his/her medical expertise based upon his/her knowledge, training and experience as a licensed physician; and D) he/she exercised medical judgment in the care and treatment of passengers and crew.  With respect to the care rendered to Plaintiff, the ship's nurses were at all times acting under the control of the subject ship physician(s) and were thus his/her borrowed servants.

L.      Plaintiff's claim is time-barred by the applicable statute of limitations.

M.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

N.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

O.      The Plaintiff's damages were caused entirely by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

P.      Defendant fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions associated with his incident aboard the vessel.

Q.      Defendant, and its employees and/or agents, had no notice of any dangerous or risk-creating condition.

R.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

S.      Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,


GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Michael J. Drahos*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Ashley Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Michael Drahos*

## SERVICE LIST

Luis Alexander Perez, Esq.
LIPCON, MARGULIES & WINKLEMAN, P.A.
2800 Ponce de Leon Blvd., Ste 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305)373-6204
aperez@lipcon.com