**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-23677-BB**

LINDA D'AMBRA, as Personal
Representative of the Estate of Joseph
D'Ambra, deceased,

      Plaintiff,

v.

CARNIVAL CORPORATION, and
MUHAMMAD RAUF,

      Defendants.

_____/

## DEFENDANT MUHAMMAD RAUF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED SEPTEMBER 25, 2024

Defendant, MUHAMMAD RAUF, by and through his undersigned counsel, hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated September 24, 2024 and states as follows:*

1. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that the Death on the High Seas Act is the exclusive remedy for any damages asserted in this lawsuit.

3. The allegations contained in Paragraph 3 are not directed to this Defendant and therefore do not require a response.

4. Admitted.

5. It is admitted that this Court maintains admiralty jurisdiction over this matter.

6.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter only because the alleged acts at issue in this lawsuit purportedly occurred in whole or in part in the Port of Key West.  Defendant otherwise specifically denies any and all allegations of substantial business activity within Florida and/or that he operated a business venture in Florida.

7.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter only because the alleged acts at issue in this lawsuit purportedly occurred in whole or in part in the Port of Key West.  Defendant otherwise specifically denies any and all allegations of substantial business activity within Florida and/or that he operated a business venture in Florida.

8.      It is admitted that general maritime law applies to this matter.

9.      The allegations contained in Paragraph 9 are not directed to this Defendant and therefore do not require a response.

10.     The allegations contained in Paragraph 10 are not directed to this Defendant and therefore do not require a response.

11.     The allegations contained in Paragraph 11 are not directed to this Defendant and therefore do not require a response.

12.     The allegations contained in Paragraph 12 are not directed to this Defendant and therefore do not require a response.

13.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     The allegations contained in Paragraph 15 are not directed to this Defendant and therefore do not require a response.

16.     The allegations contained in Paragraph 16 are not directed to this Defendant and therefore do not require a response.

17.     The allegations contained in Paragraph 17 are not directed to this Defendant and therefore do not require a response.

18.     The allegations contained in Paragraph 18 are not directed to this Defendant and therefore do not require a response.

19.     Denied.

20.     Denied.

21.     It is admitted that the Carnival Dream's medical center contained medicine and medical equipment ordered by Defendant Carnival.

22.     Denied.

23.     Denied.

24.     It is admitted that Defendant Carnival had the right to hire and fire members of the ship's medical staff.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     It is admitted that Defendant examined the Plaintiff in the ship's medical center.

31.     Denied.

32.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Denied, including all subparts.

35.     Denied.

36.     Denied.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN

37.     The allegations contained in Count I (Paragraphs 37 through 39) do not appear to be directed to this Defendant and therefore do not require a response.

## COUNT II – GENERAL NEGLIGENCE

40.     The allegations contained in Count II (Paragraphs 40 through 42) do not appear to be directed to this Defendant and therefore do not require a response. To the extent any of the

foregoing allegations could be reasonably construed to being directed to this Defendant, same are hereby denied.

### COUNT III – NEGLIGENT FAILURE TO WARN

43.     The allegations contained in Count III (Paragraphs 43 through 47) do not appear to be directed to this Defendant and therefore do not require a response.  To the extent any of the foregoing allegations could be reasonably construed to being directed to this Defendant, same are hereby denied.

### COUNT IV -GENERAL NEGLIGENCE AGAINST CARNIVAL
### (Medical Negligence)

48.     The allegations contained in Count IV (Paragraphs 48 through 52) do not appear to be directed to this Defendant and therefore do not require a response.  To the extent any of the foregoing allegations could be reasonably construed to being directed to this Defendant, same are hereby denied.

### COUNT V – NEGLIGENT FAILURE TO WARN AGAINST CARNIVAL
### (Medical Negligence)

53.     The allegations contained in Count V (Paragraphs 53 through 57) do not appear to be directed to this Defendant and therefore do not require a response.  To the extent any of the foregoing allegations could be reasonably construed to being directed to this Defendant, same are hereby denied.

### COUNT VI-NEGLIGENCE AGAINST CARNIVAL FOR THE NEGLIGENT CONDUCT OF THE MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER RESPONDEAT SUPERIOR

58.     The allegations contained in Count VI (Paragraphs 58 through 66) do not appear

to be directed to this Defendant and therefore do not require a response.  To the extent any of the

foregoing allegations could be reasonably construed to being directed to this Defendant, same are

hereby denied.

## COUNT VII – NEGLIGENCE AGAINST CARNIVAL FOR THE ACTS OF THE MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER APPARENT AGENCY

67.     The allegations contained in Count VII (Paragraphs 67 through 76) do not appear

to be directed to this Defendant and therefore do not require a response.  To the extent any of the

foregoing allegations could be reasonably construed to being directed to this Defendant, same are

hereby denied.

## COUNT VIII-NEGLIGENCE AGAINST CARNIVAL FOR THE CONDUCT OF MEDICAL PERSONNEL BASED ON A THEORY OF VICARIOUS LIABILITY UNDER JOINT VENTURE

77.     The allegations contained in Count VIII (Paragraphs 77 through 84) do not appear

to be directed to this Defendant and therefore do not require a response.  To the extent any of the

foregoing allegations could be reasonably construed to being directed to this Defendant, same are

hereby denied.

## COUNT IX – NEGLIGENT MEDICAL STAFFING, PROVISIONING AND/OR EQUIPPING OF MEDICAL FACILITY AGAINST CARNIVAL

85.     The allegations contained in Count IX (Paragraphs 85 through 89) do not appear

to be directed to this Defendant and therefore do not require a response.  To the extent any of the

foregoing allegations could be reasonably construed to being directed to this Defendant, same are

hereby denied.

### COUNT X – GENERAL NEGLIGENCE AGAINST DR. MUHAMMAD RAUF

90.     It is admitted that Defendant owed a duty to act reasonably under the

circumstances.

91.     Denied, including all subparts.

92.     Denied.

### COUNT XI – WRONGFUL DEATH CLAIM BROUGHT AGAINST DEFENDANTS PURSUANT TO TEXAS STATE LAW

93.     The allegations contained in Paragraph 93 of the Plaintiff's Complaint do not

require a response.

94.     Denied.  Defendant contends that the Death on the High Seas Act is the exclusive

remedy for any and all damages asserted.

95.     Denied, including all subparts.

96.     Denied.

97.     Denied. Defendant contends that the Death on the High Seas Act is the exclusive

remedy for any and all damages asserted.

### COUNT XII – WRONGFUL DEATH CLAIM PURSUANT TO FLORIDA LAW

98.     The allegations contained in Paragraph 98 of the Plaintiff's Complaint do not

require a response.

99.     Denied.  Defendant contends that the Death on the High Seas Act is the exclusive remedy for any and all damages asserted.

100.    Denied, including all subparts.

101.    Denied.

102.    Denied.

* Any allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

In Answering further, Defendant would affirmatively state as follows:

A.      This action is governed by and subject to the terms, limitations and conditions contained within Plaintiff's Passenger Ticket Contract.

B.      Defendant fully discharged his duty to act reasonably under the circumstances in that he practiced according to the appropriate standard of care, within the scope of his medical expertise based upon his knowledge, training and experience as a licensed physician.

C.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to him.

D.      Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

E.      Plaintiff has failed to mitigate his losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

F.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

G.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

H.      Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which delayed/negatively affected his recovery.

I.      This action is barred in whole or in part by the applicable statute of limitations.

J.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

K.      Defendant Rauf was operating as an independent contractor at all times material hereto.   Pursuant to an agreement with Carnival Corporation, Dr. Rauf was: A) paid as an independent contractor and not as an employee; B) no deductions were taken from his pay and he was not eligible for employee benefits; C) he agreed to practice according to the appropriate standard of care, within the scope of his medical expertise based upon his knowledge, training and experience as a licensed physician; and D)  he exercised medical judgment in the care and treatment of passengers and crew.

L.      Plaintiff's claim is time-barred by the applicable statute of limitations.

M.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

N.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

O.      The Plaintiff's damages were caused entirely by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

P.      Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Michael J. Drahos*

Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No.: 117767
Ashley Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Michael Drahos*

## SERVICE LIST

Luis Alexander Perez, Esq.
LIPCON, MARGULIES & WINKLEMAN, P.A.
2800 Ponce de Leon Blvd., Ste 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305)373-6204
aperez@lipcon.com